UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 08-00871 |
|---|---|
| JOANN KIM GRAND, | Chapter 7 |
| | Re: Docket No. 12 |
| Debtor. | |

**MEMORANDUM OF DECISION
ON MOTION FOR SANCTIONS**

**I.   INTRODUCTION**

On September 10, 2008, debtor Joann Kim Grand filed Debtor's Motion for Sanctions Against American Servicing Company (AMC) for Violations of 11 U.S.C. Section 362 (docket no. 12). The court held a hearing on October 22, 2008. Based on the evidence, the court determined that American Servicing Company ("AMC") violated the automatic stay. The court directed the debtor to provide additional information about damages and gave AMC an opportunity to respond. The debtor and her attorney both filed declarations (docket nos. 21 and 22). AMC failed to respond.

## II. FACTS

The following facts are not subject to a genuine dispute:

The debtor Joann Kim Grand is the owner of real property located at 15 Nanakula Place, Wailuku, Hawaii 96793 (the "Property"). The Property is encumbered by two mortgages, both entered into on June 24, 2005 and both in favor of AMC. The first mortgage has a principal balance of approximately $622,101. The second mortgage has a principal balance of approximately $155,134.

On June 27, 2008, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In her schedules, the debtor stated that she intended to surrender the Property to AMC (docket no. 1). Interested parties received notice of the debtor's bankruptcy case on June 30, 2008. AMC does not dispute that it received proper notice of the debtor's bankruptcy filing.

On August 2, 2008, AMC had the locks on the Property changed without notice to the debtor or leave of the court. The debtor had to live with a friend and could not retrieve her personal belongings until August 10, 2008.

On August 21, 2008, Grand filed with this court a declaration confirming that she had surrendered and that AMC had accepted the Property (docket no. 8).

On October 22, 2008, the court determined that AMC violated 11 U.S.C.

U.S. Bankruptcy Court - Hawaii   #08-00871   Dkt # 27   Filed 01/23/09   Page 2 of 8

§ 362 when it changed the locks on the Property in violation of the automatic stay (docket no. 20). The issue now before the court is whether the debtor should be awarded damages for AMC's willful violation of the automatic stay.

## III. DISCUSSION

The filing of a bankruptcy petition operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. 11 U.S.C. §362(a)(3). The stay of an act against property of the estate continues until such property is no longer property of the estate. 11 U.S.C. §362(c)(1). Under 11 U.S.C. §362(k)(1):

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

1. "Willful Violation" of the Automatic Stay

A willful violation of the automatic stay results in a mandatory imposition of actual damages, costs and attorneys fees under §362(k)(1). In re Ramirez, 183 B.R. 583, 589 (Bankr. 9th Cir. 1995). A "willful violation" occurs when the defendant has knowledge of the automatic stay and acts intentionally to violate it. In re Pinkstaff, 974 F.2d 113, 115 (9th Cir. 1992). "Knowledge of the bankruptcy

filing is the legal equivalent of knowledge of the automatic stay provided under §362." Ramirez, 183 B.R. at 589.

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

In re Bloom, 875 F.2d 224, 227 (9th Cir. 1989)(quoting INSLAW, Inc. v. U.S. (In re INSLAW, Inc.), 83 B.R. 89, 165 (Bankr. D.D.C. 1988)).

AMC's actions were willful. AMC does not dispute the fact that it received proper notice and had knowledge of the debtor's bankruptcy before it changed the locks on the Property. When AMC did so, it acted intentionally to exercise control over the Property. The debtor is entitled to actual damages, costs and attorneys fees for this willful violation.

 2. <u>Actual Damages</u>

A willful violation of the automatic stay entitles the debtor to recover actual damages for financial and non-financial loss or suffering in addition to attorney's fees.

The debtor was locked out of her residence and deprived of her personal belongings from August 2, 2008 until August 10, 2008. AMC failed to give the

4

U.S. Bankruptcy Court - Hawaii #08-00871 Dkt # 27 Filed 01/23/09 Page 4 of 8

debtor prior notice of its actions.  The debtor was forced to reside with a friend during this period.  The debtor may have suffered financial damages in the form of additional living expenses, but she has failed to produce evidence to quantify such damages.  I find she is entitled to nominal damages of $1.00.

The Ninth Circuit has held that "actual damages" may include damages for emotional distress.  See, Dawson v. Wash. Mut. Bank (In re Dawson), 390 F.3d 1139 (9th Cir. 2004).  Not every willful violation of the automatic stay, however, entitles the debtor to damages for emotional distress.  To limit frivolous claims, the Ninth Circuit has held that to recover based on emotional distress, the debtor must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay.  Id. at 1149.  "Fleeting or trivial anxiety or distress" that is medically insignificant does not suffice to support an award.  Id.

The debtor declares that, when she found that the locks had been changed, she "panicked at the thought the someone was in my house" and was "very scared" that it had been a burglar.  Despite her fear, she entered the house using the garage door opener and inspected the premises.  She was afraid, angry, and very upset, and decided to stay with a friend.  She also recognized, however, that it might not have been a burglary; she "figur[ed] that it might have been the mortgage

5

company. . . ."

Although her fear and concern were undoubtedly genuine, the debtor offers no evidence that her emotional distress lasted for any significant period of time or meaningfully interfered with her normal life.

She also states that "[t]he amount of stress this entire situation has caused me has been tremendous and had lead to my divorce and losing everything I had worked my entire life for." She attributes this stress to "this entire situation," not just AMC's violation of the automatic stay. Losing one's home to foreclosure and being forced to seek bankruptcy relief are tremendously stressful, but the debtor is entitled to recover damages only for the emotional distress that the violation of the stay caused. Dawson, 390 F.3d at 1149.

Although AMC's inexcusable and willful conduct undoubtedly caused the debtor to suffer emotional distress, the evidence does not support an award of damages for emotional distress under the Dawson standard.

    c.    Attorneys Fees

While §362(k)(1) states that a debtor **shall** receive attorney's fees for a willful violation of the automatic stay, the court must evaluate the reasonableness of the claimed attorney's fees. In re Risner, 317 B.R. 830, 839 (Bankr. D.Idaho 2004). "The question of reasonableness relates to the decision to file a motion and

6

commence a contested matter for damages." Id. If the motion is unnecessary and the only attorney's fees incurred are that in connection with the motion, the court can decline to award attorneys fees. Id.

I conclude that Mr.Cain's fees are reasonable. AMC's conduct was wrongful and inexcusable. Although the debtor failed adequately to quantify her damages, AMC's conduct plainly harmed her. AMC should have foreseen that a motion for sanctions would be filed in such a situation. The debtor is therefore entitled to recover $3,789.07 from the defendant-AMC.

    3.    <u>Punitive Damages</u>

11 U.S.C. §362(k)(1) provides that in "appropriate circumstances," the debtor may be entitled to punitive damages. I find the debtor is not entitled to punitive damages for three reasons.

First, courts generally do not grant punitive damages absent some showing of reckless or callous disregard for the law or rights of others. <u>Bloom</u>, 875 F.2d at 228. There is no evidence that AMC's actions were "egregious, vindictive, malicious, or accompanied by bad faith." <u>Rivera v. U.S.</u> (In re Rivera), 345 B.R. 229, 235 (Bankr. E.D. Cal. 2005).

Second, it is significant that, before AMC locked her out of the Property, the Debtor had formally stated that she intended to surrender the Property. Although

7

AMC jumped the gun by seizing the Property before the Debtor completed the surrender, it is not appropriate to punish AMC for taking an action that would have been lawful had AMC taken it a few weeks later.

Third, punitive damages should not be awarded in the absence of actual damages. McHenry, 179 B.R. at 168; In re Kinsey, 349 B.R. 48 (Bankr. D.Idaho 2006); Rivera, 345 B.R. at 237. The court in McHenry reasoned that there is no way to measure punitive damages when the offended party has not suffered any actual damages. Id. at 168. Although there is authority for the proposition that attorneys fees constitute "actual damages" under §362(k)(1), Eskanos & Adler, P.C. v. Roman, 283 B.R. 1, 10 (Bankr. 9th Cir. 2002), awarding punitive damages where the only proved actual damages are attorneys fees is not justified.

## IV.  CONCLUSION

The debtor is entitled to recover from AMC $1.00 in actual damages and $3,789.07 in attorneys' fees.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **01/23/2009**

8

U.S. Bankruptcy Court - Hawaii   #08-00871   Dkt # 27   Filed 01/23/09   Page 8 of 8